UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWIN BROWN,                                    :
                                                :
              Plaintiff                         :
                                                :
       v.                                       :  CIVIL NO. 3:CV-06-1770
                                                :
U.S. ATTORNEY'S OFFICE, ET AL.,                 :  (Judge Kosik)
                                                :
              Defendants                        :

**Memorandum and Order**

**Background**

       Edwin Brown, an inmate currently confined at the Lackawanna County Prison, Pennsylvania,

filed this action on a form used by a prisoner in filing a civil rights complaint pursuant to 28 U.S.C.

§ 1331.  Named as defendants are the United States Attorney's Office in Harrisburg and Ari

Weitzman, Brown's Public Defender.  Along with his complaint, Brown submitted an application

seeking leave to proceed in forma pauperis and an Authorization form. (Docs. 2, 3.)  He has also

filed a motion for summary judgment.  (Doc. 4.)  On September 11, 2006, an Administrative Order

was issued directing the warden at the Lackawanna County Prison to commence deducting the full

filing fee from Brown's prison trust fund account.  (Doc. 5.)  For the reasons that follow, the

Administrative Order will be vacated and Brown granted in forma pauperis status for the sole

purpose of filing the instant action. The complaint will be dismissed without prejudice to Brown to

reassert his claims in a properly filed habeas corpus petition.

**Discussion**

In the instant case Brown claims that he was convicted under § 924c on a "charge for brandishing gun - no physical evidence of ownership." He contends that only hearsay existed to establish that it was his gun. (Doc. 1, Compl. at 2.) He also claims that his counsel was ineffective because he did not contest the "marked money" claim. (Id.) As relief he seeks the dismissal of all charges, and as such, clearly challenges his present confinement and seeks his release from prison. It is well-settled that a habeas corpus petition is the proper mechanism brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). From a careful review of the instant complaint, Brown does not allege conditions of confinement claims, but rather challenges the legality of his present confinement and seeks his immediate release from custody. As such, the complaint will be dismissed, without prejudice, to allow Brown to pursue his claims in a properly filed petition for writ of habeas corpus.

**ACCORDINGLY, THIS 13TH DAY OF SEPTEMBER, 2006, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Administrative Order issued by the Court on September 11, 2006 is hereby vacated. The Clerk of Court is directed to cease collecting any funds from Plaintiff's inmate account, and to refund any monies previously submitted by the prison to Plaintiff. Plaintiff will be granted in forma pauperis status for the sole purpose of filing this action.

2. The complaint is dismissed, without prejudice.

3. Plaintiff, if he so chooses, may reassert his claims in a properly filed habeas corpus action.

2

4.      The Clerk of Court is directed to close this case.

5.      Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.




                                                                               s/Edwin M. Kosik
                                                                     United States District Judge